GreeN, Judge,,
delivered the opinion of the court:
The defendant has moved to dismiss the action of plaintiff alleging that the petition shows, upon its face, that there is no cause of action stated against the United States of America. Since the motion was filed, the petition, pursuant to an order of court, has been amended and the parties have agreed that the motion to dismiss may be treated as applicable to the amended petition and the case submitted on the pleadings as they now stand and the arguments filed by the respective counsel. It will be observed that the motion is in effect a demurrer and it will be so treated.
*168 The suit is based on an alleged breach of four contracts executed by the plaintiff, John Morrell & Company, a corporation, and the Federal Surplus Relief Corporation, a private corporation organized and existing under and by virtue of the laws of the State of Delaware. The petition alleges that the Federal Surplus Relief Corporation was created under authority granted the President by the provisions of the National Industrial Recovery Act approved June 16, 1933, was recognized and continued as an agency of the United States by subsequent congressional enactments, and that the title to the corporation was changed to Federal Surplus Commodities Corporation on November 18, 1935. It is further alleged that this corporation at all times has been an agent of the United States acting for and on behalf of the United States, with authority to bind the United States by contract, and that the object and purpose of the corporation, among other things, was to perform the functions which were delegated to it under the acts of Congress pursuant to the National Industrial Recovery Act. (48 Stat. 195.)
The portions of said contracts material to the consideration of defendant’s motion are alleged to be identical, differing only in details with reference to the performance thereof.
The main ground of the motion is that the name of the defendant does not appear-in the contract nor does the contract, taken as a whole, show that the Federal Surplus Relief Corporation was acting as an agent, or that it was made for and on behalf of the United States. It is therefore urged that the defendant is not bound thereby.
The case of United States v. Algoma Lumber Co., 305 U. S. 415, is cited by defendant as holding that those who are parties to and bound by a contract are to be ascertained by an inspection of the document alone. But while some of the language of the opinion, considered apart from the remainder and the facts in the case together with the issues raised thereon, might tend to sustain the contention of the defendant, we think the Supreme Court did not intend to make the conclusion reached in the Algoma ease, supra, apply to a case like the one at bar. In the case we have before us, not only are the facts entirely different but the nature of the *169 case, the issues joined, and the questions oí law involved are all different. In the Algoma case it was claimed that the United States without authority from the Indians, had made a contract for and in their behalf, and plaintiff in the court below-sought to apply the well known' rule that an unauthorized agent purporting to enter into a contract for a principal is personally liable to the other party. But the Supreme Court held that regardless of whether the Government official who executed the contract for the sale of timberlands owned by the Indians had authority so to do, the contract, which stated it was entered into “between the Superintendent of the Klamath Indian School, for and on behalf of the Klamath Indians * * * and the Lumber Company” imposed no obligation on the United States.
It will be observed that in the Algoma ease it was claimed first that the Government was a party to the transaction which was carried out under its laws by one of its officials, and that it was a case where the Government in the execution of the contract acted as agent for the Indians without authority. In the case now before us, no question is raised as to the authority of the Federal corporation to make the contracts in question but it is claimed it was acting on behalf of and as an agent for the United States. In the Algoma case, the plaintiff sought to show that the Government acted as an unauthorized agent. In the case now before us, the plaintiff undertakes to show that the United States was in fact the principal and the Federal corporation involved was merely acting as its agent. Nothing that was said in the opinion in the Algoma case, supra, can apply to the case now under consideration.
The contract itself did not disclose the fact that the United States was the principal and the Federal Surplus Relief Corporation was merely the agent, but this is immaterial. The statutes and the purpose for which the corporation was organized disclosed the agency, and, moreover, when an agent being duly authorized acts on behalf of an undisclosed principal, the right of the other party to a contract to enforce the contract against the undisclosed principal is too well settled to need any citation of au *170 thorities. But see section 248, vol. 3, C. J. S., p. 175, note 6, citing cases holding that a person contracting with an agent or an undisclosed principal may hold either the agent or, upon discovery, the principal.
The motion to dismiss the petition must be overruled and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.