Green, Judge,
delivered the opinion of the court:
There is no substantial dispute as to the facts in the case. The Federal Surplus Commodities Corporation made a contract with the plaintiff for the storage of what is commonly spoken of as “drought relief canned meat.” Under this contract canned meats were stored by plaintiff and bills submitted by it to the corporation and General Accounting Office. These bills included a charge for the full storage •month for the last month during which any lot of goods remained in store. The bills were disallowed for the number of days during the last storage month in which a certain lot of goods did not remain in store and payment was made only in accordance with such disallowance.
The defendant in the first instance demurred to the petition of the plaintiff on the ground that the Federal Surplus Commodities Corporation had no authority to bind the Government by contract and that the United States therefore could not be sued upon any contracts which the corporation made. This demurrer was overruled, it appearing to the court quite clearly that the corporation was set up as ah agency of the United States pursuant to executive direction in accordance with congressional enactment; its funds deposited in the Treasury of the United States and provided by appropriations made by Congress specified for transfer to the corporation and so transferred and used. The corporation was created solely to perform governmental objectives and it so acted, its disbursements and accounts being subject to settlement and adjustment by the General Accounting Office.
Finally its charter provided in an amendment thereto that it was empowered
To perform any and all functions, and exercise any and all powers as to a governmental agency and/or instrumentality or otherwise, by virtue of, pursuant to, or in connection with any existing or future Acts of Congress of the United States of America.
There are other matters which tend to show that the corporation was a governmental agency but what we have set out above is sufficient.
*415 The contract between the plaintiff and the corporation was made by the corporation presenting a form of contract and inviting bids for the storage of canned meats in accordance with the contract. When the plaintiff, pursuant to his invitation, made a bid which was accepted by the corporation, the contract was consummated. The controversy in the case arises over a construction of the contract. Plaintiff claims that the contract provided that payment should be made for the full month on the last storage month regardless of whether the canned meats were in store during the whole of that period, or if the contract be held to be ambiguous it was the intent and understanding of the parties that the payment should be made in this manner.
The defendant on the contrary argues that the contract provided that payment should be made only for the number of days that the goods were actually in storage.
We think that the contract was ambiguous and this applies to the contentions of both the plaintiff and the defendant.
Under the proposal submitted to the public by the corporation bids were to be made in accordance with schedules which were a part of the proposal, and when the contract was completed the schedules provided for “a storage charge per month (per case)” of one cent for 45- and 46-pound cases. The defendant insists that the words “per month” are in effect a direct provision that the storage charges for the last month should be computed in accordance with the number of days the meats were in store. This is practically saying that the words “per month” refer to a basis for storage by the day and we are unable to agree with defendant’s contention in this respect. On the other hand when the words “per month” are taken alone and. by themselves, apart from other features of the case, we doubt whether they can be construed to mean that storage charges should always be on the basis of a full month, and we think that the purpose and intent of the contract is not sufficiently indicated by these words and we must look elsewhere in the testimony for evidence of the intent and understanding of the parties.
In determining the intent and understanding of the parties we think it is proper to consider the fact that by *416 Executive Order, dated March 14, 1934, bidders were required to comply with approved codes of fair competition to which such bidders were subject and that plaintiff in submitting its bid accompanied it with a copy of the “Code of Fair Competition for the Merchandise Warehousing Trade,” as approved by the National Industrial Recovery Administration January 27, 1934, and understood it was required as part of the bid. This code contains a provision as follows:
All goods are stored on a month-to-month basis, unless otherwise provided. A storage month shall extend from a day in one calendar month to, but not including the same day of the next and all succeeding calendar months. * * *
Evidently plaintiff understood and intended that payment for storage for the last month of the storage was on the basis of a full month’s storage charge and it is difficult to see how the officials of the corporation could have understood otherwise in construing the bid. The evidence shows that the defendant’s contracting officer interpreted the phrase “per month” appearing in the contracts as meaning a calendar month, as he stated that — “If storage begins June 19, the period covered by the month would end July 18.” . Besides this the custom and practice of the Association of Warehousemen followed the rule stated in the Code of Fair Competition adopted by the Warehousing Trade, set out above. The officials of the defendant must have known of this custom and practice when bids were asked and plaintiff’s bid accepted, as a statement thereof accompanied the bid.
An express provision in a written contract cannot be varied or modified by custom or usage, but as we have shown above the provisions of the contract are ambiguous to say the least and in such a case evidence of custom or usage may be received to show the intention of the parties. 17 C. J. 497, Section 60, and cases cited. Also where a contract is ambiguous parol evidence is admissible to show the intent of the parties and when so shown this intent becomes part of the contract. After consideration of all the evidence with reference to custom and usage, and the intent of the *417 parties, we have found that the contract between them was in effect as claimed by plaintiff. Under this finding the plaintiff is entitled to recover the sum of $688.35, for which sum judgment will be entered accordingly. It is so ordered
Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this* case.