## BUFFALO MERCHANDISE WAREHOUSES, Inc. v. UNITED STATES.

### No. 46616.

United States Court of Claims.
Feb. 6, 1950.

Whitaker, J., dissented.

Mark N. Turner, Buffalo, N. Y., for the plaintiff. Brown, Kelly, Turner & Symons, Buffalo, N. Y., were on the brief.

John R. Franklin, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

We have the following problem. The Government made a contract for the warehousing of its goods at a specified price per month. Its goods were frequently removed from the warehouse after having been in storage for only a fraction of a month, or for a period consisting of a fraction of a month plus one or more full months. The well recognized usage of the warehouse trade is that, in the absence of an agreement to the contrary, if goods are placed in storage on a monthly basis, a full month's charge is made, upon their removal, for any part of a month that the goods have been stored. The Government agency which made the contract was not aware of the trade usage. Was the Government nevertheless bound to pay in accordance with the usage? We think that it was. Even though, to the uninitiated, the words of a contract would seem to have a fairly plain meaning, that meaning will be altered to correspond with the recognized usage of the language of the trade. Here the words did not even have a fairly plain meaning to those not in the trade. We suppose that practically anyone knows that if he rents a house by the month his rent will not be computed by the day if he vacates the house after a fraction of a month has elapsed. Generally, on the effect of usage in the interpretation of contracts, see *Restatement, Contracts,* § 246(a); 3 Williston on Contracts, Rev.Ed., § 650.

The plaintiff is entitled to recover $865.-01. It is so ordered.

JONES, Chief Judge, and HOWELL and LITTLETON, Judges, concur.

WHITAKER, Judge (dissenting).

I cannot agree with the opinion of the majority. It reads into the contract the custom and usage in the warehousing business, but there is no proof that the defendant was aware of this custom and usage, nor that it was so universally known as to charge anybody with knowledge of it.

In dealings between people, both of whom are engaged in the same business, custom and usage form a part of the contract, because each of them, being aware of the custom, are supposed to have had it in mind when they entered into the contract. But how can a person, ignorant of the custom, be said to have agreed to be bound by it?

In Barnard v. Kellogg, 10 Wall. 383, at page 390, 19 L.Ed. 987, the Supreme Court said: "* * * The proper office of a custom or usage in trade is to ascertain and explain the meaning and intention of the parties to a contract, whether written or in parol, which could not be done without the aid of this extrinsic evidence. It does not go beyond this, and is used as a mode of interpretation on the theory that the parties knew of its existence, and contracted with reference to it."

As the Supreme Court said, usage is read into the contract "on the theory that the parties knew of its existence, and contracted with reference to it." If one of them did not know of its existence, how can he be said to have contracted with reference to it?

In 55 Am.Jur. 282, a number of decisions of the Supreme Court of the United States and of many of the State courts are cited in notes 11, 12 and 13 in support of the following statement: "* * * it is almost universally required, in order to hold a person bound by an alleged custom or usage, that he have either actual or implied knowledge of such custom; if it does not appear that he had actual knowledge of it, the custom or usage should be one so general that he will be presumed to have knowledge of it." I have examined a number of the cases cited and they fully support the statement.

The majority opinion cites section 246(a) of the Restatement of the Law of Contracts, which says:

"Operative usages have the effect of

278

"(a) defining the meaning of the words of the agreement or the meaning of other manifestations of intention, and * * *."

However, the following section, section 247, says:

"A usage is operative upon parties to a transaction where and only where

"(a) they manifest to each other an assent that the usage shall be operative, or

"(b) either party intends the effect of his words or other acts to be governed by the usage, and the other party knows or has reason to know this intention, or

"(c) the usage exists in such transactions and each party knows of the usage or it is generally known by persons under similar circumstances, unless either party knows or has reason to know that the other party has an intention inconsistent with the usage."

The comment on (b) and (c) is as follows:

"b. A party cannot be bound by usage unless he either knows or has reason to know of its existence and nature. Accordingly one who seeks either to define language or to annex a term to a contract by means of usage must show either that the other party is actually aware of the usage, or that the existence of the usage in the business to which the transaction relates is so notorious that a person of ordinary prudence in the exercise of reasonable care would be aware of it. If so notorious, actual knowledge of it is immaterial.

"c. It is a question of fact whether a party has reason to know that the other party intends his words or other acts to be governed by a usage. The burden of establishing that such is the case is on the party so asserting. Though the question is one of fact, the existence of a usage, like other facts, may be so well known that a court will take judicial cognizance of it.

The majority opinion also cites section 650 of Williston on Contracts, Volume 3. However, section 661 of Williston on Contracts says:

"A party cannot be bound by usage, unless he either knew or ought to have known

of its existence and nature. Accordingly, one who seeks either to define language or to annex a term to a contract by means of usage must either show that the other party was actually aware of the usage, or must show that there was a well-defined usage generally adopted by those engaged in the business to which the contract relates, at the place where the contract was made or was to be performed. It must, if not known, be so notorious that a person of ordinary prudence in the exercise of reasonable care would be aware of it. * *"

I am of opinion defendant is liable for charges only for the time the goods were actually in storage. See Crooks Terminal Warehouses, Inc., v. United States, 92 C. Cl. 401, 414 et seq.