Civilian pay; O'ourt of Olamis junsdiction; nonappropri-ated funds activity; inju/nctwe or declaratory relief.—
Before Davis, Judge, Presiding, KuNzig and BeNNETt, Judges.
. “In this civilian pay case, plaintiff Kevin E. Yillani comes bef ore the court seeking back pay and both a declaratory judgment and an injunction against the Federal ¡Reserve Bank of .Cleveland, Ohio. The-gravamen-of plaintiff’s complaint is that he was wrongfully terminated from his position as a research economist on July-'l, 1975, and is, therefore, entitled to back pay from that date until September' 1,1975. The amount in controversy is $2,700. ’ . ..
“Defendant seeks a.dismissal of the action, alleging that this court' .lacks, subject matter jurisdiction.' Defendant relies upon the.'Supreme Court’s holding in United States v. King, 395 U.S. 1 (1969), and Glidden Co. v. Zdanok, 370 U.S. 530, 557. (1962). King,' supra, denies the Court of Claims power to grant declaratory relief, while Zdcmoh, supra, denies the. court injunctive powers. Concerning" plaintiff’s claim for back.'pay,, defendant notes that, salary-payments for employees /of the Federal Reserve -Bank do. hot involve appropriated, funds of the United States. Unless-salary payments involve appropriated funds or, if noil-appropriated funds, an, entity ..named .in 28 U.S.C. § 1491. .(.as amended by Pub. L. 91-360. (1970)),'this.court lacks jurisdiction. Defendant'properly,makes" this argument citing our recent decision in Hopkins v. United States, 206 Ct. Cl. 303, 513 F.2d *330 1360 (1975). The briefs in this case pre-date the Supreme Court’s consideration of Hopkins. United States v. Hopkins, 427 U.S. 123 (1976).
“Plaintiff suggests that we do have jurisdiction in this non-appropriated fund case, but does not cite authority for this proposition. Plaintiff further attempts to show that the receipt of benefits by the Government from Federal Reserve System contracts somehow transforms the government into the ‘principal’ on said contracts, creating government liability.
“Upon consideration of the briefs and without oral argument, we grant defendant’s motion to dismiss the petition. Defendant is clearly correct. First, we lack jurisdiction to provide the declaratory and injunctive relief sought by plaintiff. King, supra; Glidden Co., supra. Second, since the salary in question was due from a non-appropriated fund, plaintiff must show the existence of a statutory “non-appropriated fund obligation” of the United States based on a contractual relationship with an entity named in 28 U.S.C. § 1491 (as amended by Pub. L. 91-350 (1970)). Plaintiff has failed to do so. Third, plaintiff’s ‘principal on a contract’ doctrine argument is misplaced and must fail.
“Villani frankly admits that the court lacks jurisdiction over this non-appropriated fund activity. However, ho seemed to envision, at the time briefs were filed, a broad Supreme Court reversal of this court’s decision in Hopkins. Such reversal, he believed, would grant to the Court of Claims jurisdiction over non-appropriated fund activities. Plainly, the Supreme Court did not reach such a sweeping decision. United States v. Hopkins, 427 U.S. 123 (1976). We therefore dismiss this argument.
“In plaintiff’s final argument he cites four cases which he alleges stand for the ‘principal on a contract’ doctrine — the proposition that the United States may not escape liability by contracting through the guise of a private corporation. National Cored Forgings Co. v. United States, 132 Ct. Cl. 11, 132 F. Supp. 454 (1955); Abbott v. United States, 125 Ct. Cl. 330, 112 F. Supp. 801 (1953); Crooks Terminal Warehouses, Inc. v. United States, 92 Ct. Cl. 401 (1941) ; and John Morrell & Company v. United States, 89 Ct. Cl. 167 (1939). Since none *331 of the cases cited deals with non-appropriated fund activities, they are unpersuasive and inapposite.
“Accordingly, for the reasons stated above, it is hereby ordered that defendant’s motion for summary judgment is granted, and the petition is dismissed.”