**INTERDENT CORPORATION**

v.

**The UNITED STATES.**

**No. 55–73.**

United States Court of Claims.

Dec. 19, 1973.

4. July 23, 1970, Pub.L. 91–350, § 1(b), 84 Stat. 449.

**1012**

Sherman Levy, Washington, D. C., attorney of record, for plaintiff. George R. Douglas, Jr., Washington, D. C., of counsel.

A. David Spevack, Washington, D. C., with whom was Acting Asst. Atty. Gen. Irving Jaffe, for defendant.

Before DAVIS, NICHOLS and KUNZIG, Judges.

## ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

PER CURIAM:

In its original petition plaintiff Interdent Corporation charged that the Federal Government, acting through the Defense Department Post Exchanges and like facilities, had been infringing plaintiff's patent (No. 2,733,713, dated February 7, 1956) for an oral irrigator. The infringement alleged was the sale by the post exchanges (and similar non-appropriated fund activities) of an oral irrigator "embodying subject matter of certain of the claims of said Letters Patent." Suit was brought under 28 U. S.C. § 1498 for reasonable and entire compensation.

The defendant moved to dismiss the petition, one ground being that § 1498 does not apply to infringement by nonappropriated fund activities of the Federal Government.[1] In its brief responding to the motion plaintiff suggested, for the first time, that, in addition to the sales by the post exchanges, an allegedly infringing device was used by the Defense Department for cleaning wounds of injured personnel in Vietnam. At the oral argument plaintiff was given leave to move to amend its petition to add allegations of infringement by components of the government funded through appropriated funds. This motion has been filed and an amended petition lodged with the court. The defendant responds that it "has no opposition to the filing of an amended petition pertaining to the manufacture and use by the government of oral irrigator devices which were procured with appropriated funds and/or used by and for the government in the pursuance of a public purpose of the government or its individual agencies." Accordingly, the motion for leave to file is granted and the amended petition will be filed.

The defendant requests, however, that we now treat its original motion to dismiss as one for partial summary judgment and dismiss the amended petition insofar as it pertains to sales or use by the post exchanges which rely on nonappropriated funds. It is proper to consider and dispose of this facet of the amended petition at the present time.

■ We agree with defendant that § 1498(a) does not authorize a suit against the United States for unauthorized use, sale, or manufacture of a patented invention by a non-appropriated fund facility.[2] Before our general juris-

1. It is not, and could not be, disputed that military post exchanges are such non-appropriated fund activities.

2. Section 1498(a) provides in pertinent part: "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable

dictional provision, 28 U.S.C. § 1491, was amended in 1970 expressly to cover certain transactions of specified non-appropriated fund components, the court repeatedly declared that, despite its all-encompassing language, § 1491 did not give us jurisdiction over claims arising out of contracts with, or appointments to positions in, non-appropriated fund facilities such as the post exchanges. *See* Kyer v. United States, 369 F.2d 714, 177 Ct.Cl. 747 (1966), cert. denied, 387 U.S. 929, 87 S.Ct. 2050, 18 L.Ed.2d 990 (1967); G. L. Christian & Associates v. United States, 312 F.2d 418, 425, 160 Ct.Cl. 1, 14, cert. denied, 375 U.S. 954, 84 S.Ct. 444, 11 L.Ed.2d 314 (1963). Although those agencies are parts of the Federal Government (*see* Standard Oil Co. of Cal. v. Johnson, 316 U.S. 481, 485, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942)), and their operations are carried on by federal officers and employees, their contracts and transactions did not (prior to the 1970 modification) bind appropriated funds or create a debt of the United States which could be vindicated in this court. The theory has been that, since our judgments are paid only from appropriated funds, in order to be actionable here the transaction sued upon must be one which, in the contemplation of Congress, can obligate public monies. "If Congress has indicated that public funds shall not be involved, we cannot grant the relief requested." Kyer v. United States, *supra*, 369 F.2d at 718, 177 Ct.Cl. at 751–752.

This rationale is equally applicable to § 1498. Awards in patent cases under that section are also paid from appropriated funds, and in every suit under the provision public monies are necessarily at stake. The phrasing of § 1498 is no wider than that of the pre-1970 § 1491, and the *Kyer* principle governs: "While the terms of this statute [§ 1491, in that

instance] are broad, its words must be read in conjunction with and must be regarded as limited by another statute which provides that our judgments are paid only from appropriated funds." 369 F.2d at 718, 177 Ct.Cl. at 751.

In 1970 Congress altered § 1491 to cover "an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges and Exchange Councils of the National Aeronautics and Space Administration." Pub.L. 91–350, Act of July 23, 1970, 84 Stat. 449. No comparable change was made in § 1498, and we would not be justified in carrying over, or reading into, the latter the amendment which Congress made in § 1491. An action under § 1498 is not the litigation of a contract claim but one for "reasonable and entire compensation" for the taking by eminent domain of a compulsory license in the patent. *See* The Irving Air Chute Co. v. United States, 93 F.Supp. 633, 117 Ct.Cl. 799 (1950); Calhoun v. United States, 453 F.2d 1385, 1391, 197 Ct.Cl. 41, 51 (1972). Before the enactment of the predecessor of § 1498, action by the Government which, if it had been done by a private person, would have infringed the patent was a tort for which the Government had not, at that time, consented to be sued. The Irving Air Chute Co. v. United States, *supra*, 93 F.Supp. at 635, 117 Ct.Cl. at 802–803. Thus, the theory of § 1498 is unrelated to contract doctrine, and we cannot take the 1970 statute as authorizing us to find a similar implicit modification in § 1498 through the *in pari materia* principle.

Moreover, Congress did not simply insert all non-appropriated fund activities into § 1491, nor as to those expressly covered did it equate them with the United States for all the purposes of

---

and entire compensation for such use and manufacture.

"For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or

any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States."

that section. It was selective both with respect to the agencies chosen and as regards the types of claim to be included under § 1491. This legislative exercise of choice also works against a judicial extension of the 1970 provisions to § 1498. *Cf.* Swiff-Train Co. v. United States, 443 F.2d 1140, 1142–1143 (C.A.5, 1971). If a change in the patent section is warranted, it should be made by the Congress. As the provision now stands, the court has no jurisdiction over a suit for compensation for use or sale of a patented invention by a non-appropriated fund agency.

For these reasons, the defendant's motion for partial summary judgment is granted and the amended petition is dismissed to the extent it seeks recovery under 28 U.S.C. § 1498 for use or sale by non-appropriated fund facilities. The remainder of the case is remanded to the trial division for further proceedings in due course.