L'ENFANT PLAZA PROPERTIES, INC.

v.

The UNITED STATES.

No. 213–81L.

United States Court of Claims.

Jan. 13, 1982.

Neil I. Levy, Washington, D. C., atty. of record; Lipman Redman and Melrod, Redman & Gartlan, Washington, D. C., of counsel.

Ezra D. Rosenberg, Washington, D. C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D. C., for defendant; Ronald R. Glancz, Washington, D. C., and Kathleen M. Mullarkey, Sacramento, Litigation Div., Comptroller of the Currency, of counsel.

Before DAVIS, NICHOLS and KASHIWA, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

DAVIS, Judge:

This case comes before the court, without oral argument, on defendant's motion to dismiss for lack of subject matter jurisdiction. The Office of the Comptroller of the Currency rents office space from plaintiff, L'Enfant Plaza Properties, Inc. Plaintiff alleges that the Comptroller has been paying an amount less than the determined rental rate. This suit is to recover the deficiency. The sole issue now before us is whether this court has jurisdiction over a breach of a contract entered into by the Comptroller.

■ The Tucker Act, 28 U.S.C. § 1491 (1976), is a broad waiver of sovereign immunity granting jurisdiction to this court over contract claims against the Government. If the agency involved in the dispute operates as a governmental body and within its statutory authority, this court acquires jurisdiction absent a specific indication that Congress did not intend the agency to be covered. *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 126, 95 S.Ct. 335, 349–50, 42 L.Ed.2d 320 (1974); *Breitbeck v. United States*, 205 Ct.Cl. 208, 210, 500 F.2d 556, 558 (1974).

Defendant does not challenge plaintiff's contentions that the Office of the Comptroller is a governmental agency (part of the Treasury Department) doing the work of the Government, and that it acted within its statutory authority in executing the lease. The Government does contend, however, that the Comptroller is a non-appropriated fund agency over which this court lacks jurisdiction.

■ The jurisdictional grant under the Tucker Act is limited by the fact that judgments awarded by this court are to be paid out of appropriated monies. 28 U.S.C. § 2517 (1976). Jurisdiction can only be exercised, therefore, over cases in which appropriated funds can be obligated. *See, e.g., Kyer v. United States*, 177 Ct.Cl. 747, 751, 369 F.2d 714, 718 (1966), *cert. denied*, 387 U.S. 929, 87 S.Ct. 2050, 18 L.Ed.2d 990 (1967). The Comptroller is a nonappropriated fund agency, defendant argues, since it is financially self-supporting from the revenues it derives from assessments of the banks it regulates. Because of these revenues, Congress has not appropriated funds for it since 1947.

■ The fact that the Comptroller has been financially self-sufficient is not dispositive. There must be a clear expression by Congress that the agency was to be separated from general federal revenues. *Breitbeck*, 205 Ct.Cl. at 212–13, 500 F.2d at 559. *See United States v. Hopkins*, 427 U.S. 123, 125, 96 S.Ct. 2508, 2510, 49 L.Ed.2d 361 (1976) (non-appropriated fund agency characterized as one denied by the Government

any use of appropriated monies). Congress must have intended that the activity resulting in the claim was not to receive or be funded from appropriated funds. *Hughes Aircraft Co. v. United States*, 209 Ct.Cl. 446, 476, 534 F.2d 889, 907–08 (1976). To sustain jurisdiction here, the requirement is not that appropriated funds have been used for the activity but that under the agency's authorizing legislation Congress could appropriate funds if necessary. *Convery v. United States*, 220 Ct.Cl. ——, ——, 597 F.2d 727, 730 (1979); *De Mauro Constr. Corp. v. United States*, 215 Ct.Cl. 364, 375, 568 F.2d 1322, 1328 (1978). Jurisdiction under the Tucker Act must be exercised absent a firm indication by Congress that it intended to absolve the appropriated funds of the United States from liability for acts of the Comptroller. *See Regional Rail Reorganization Act Cases*, 419 U.S. at 126, 95 S.Ct. at 349–50; *Butz Eng'r Corp. v. United States*, 204 Ct.Cl. 561, 569, 499 F.2d 619, 623 (1974).

This limited application of the exception to our broad jurisdiction is consistent with the underlying policy of the rule excluding non-appropriated-agencies from our jurisdiction of not wanting to impose "an unauthorized burden on the public treasury." *Hughes*, 209 Ct.Cl. at 483–84, 534 F.2d at 912.

The legislation governing this case does not preclude Congressional appropriation of funds to the Comptroller. In fact, appropriations had been received through 1947. The statute governing the Comptroller's Office was not amended at that time but appropriations were discontinued primarily because of the sufficiency of the funds being received from the regulated banks. Congress is not statutorily prohibited from appropriating funds to the Comptroller if a deficiency should occur. *See Treasury Department Appropriations Bill for 1948: Hearings Before the House Comm. on Appropriations*, 80th Cong., 1st Sess. 462 (1947).

Neither our previous jurisprudence nor legislative history contradicts our formulation and application of the rule. *Kyer v. United States*, 177 Ct.Cl. 747, 369 F.2d 714

(1966), *cert. denied*, 387 U.S. 929, 87 S.Ct. 2050, 18 L.Ed.2d 990 (1967), and its progeny, *McCloskey & Co. v. United States*, 208 Ct.Cl. 697, 530 F.2d 374 (1976) and *Interdent Corp. v. United States*, 203 Ct.Cl. 296, 488 F.2d 1011 (1973), involved agencies where the statutory authority for the activities specifically limited liability or expenditures to non-appropriated funds. *Kyer*, 177 Ct.Cl. at 751–52, 369 F.2d at 718; *McCloskey*, 208 Ct.Cl. at 701–02, 530 F.2d at 377; *Interdent, passim.* In addition, *Kyer* and *McCloskey* did not involve contracts with a department or agency of the Government but with subsidiary bodies not authorized to commit United States treasury funds. *See Convery*, 220 Ct.Cl. at ——, 597 F.2d at 729. *Villani v. United States*, 211 Ct.Cl. 329 (1976), the case referred to by the defendant as dispositive, involved a claim against the Federal Reserve Bank of Cleveland, Ohio. Reserve banks are neither departments nor agencies of the Government and have no authority to receive or obligate appropriated funds.

The proposed changes to the Comptroller's authorizing legislation, *see* Defendant's Reply Brief, at 4–7, making the Office part of the congressional budgetary process, indicate a desire (on the part of some legislators) to bring the Comptroller's affairs under stricter fiscal control. Failure of these amendments reflected, at most, a purpose not to politicize the Office, and did not indicate that the agency has been severed from all congressional funding. *See* S.Rep. No.843, 94th Cong., 2d Sess. 8–10, 19–20 (1976).[1]

Accordingly, we hold that the petition states a claim against the United States under 28 U.S.C. § 1491. We have jurisdiction, defendant's motion to dismiss is denied, and the case is remanded to the Trial Division for further proceedings.

---

[1] The 1970 amendments to § 1491, adding post-exchanges and the like, probably omitted the Comptroller because it was not Congress' understanding prior to that time that the Comptroller's Office was a truly non-appropriated fund agency.