This Contract Disputes Act of 1978 (cda)[1] case comes to us on defendant’s motion for summary judgment. Plaintiff filed a direct access suit (41 U.S.C. § 609) in this court, seeking damages for defendant’s allegedly illegal termination of a service contract. Defendant requests that we dismiss the petition on two grounds: (1) the Office of the Comptroller of the Currency (occ or Comptroller) is a nonappropriated fund instrumentality which is immune from suit in this court; and (2) the contract was properly terminated for the convenience of the government, and plaintiff has been fully compensated pursuant to the contract. Since we find that plaintiff has not submitted a formal, certified claim to the contracting officer for a final decision, we dismiss the petition, without prejudice, for that reason alone.
On October 30, 1980, plaintiff and occ, a bureau of the U. S. Department of the Treasury, entered into a service *955 contract for the provision of keypunch and data processing services. The stated duration of the contract was one year, with defendant given the option to extend the contract for two additional years. The contract contained the standard "termination for convenience” clause whereby defendant could, by written notice, terminate the contract when "it is in the best interest of the Government.” The clause stated that if the contract was so terminated, defendant would only be liable for payment for services rendered prior to the effective date of termination.
By a letter dated February 5,1981, the contracting officer notified plaintiff that the contract would be terminated effective February 10, 1981. The stated reason for such termination was that plaintiffs (alleged) request to discontinue data entry services for two months was unacceptable since it would disrupt needed services. In response to a letter from plaintiffs attorney, defendant stated in a letter dated March 16, 1981, that the contract was terminated in toto as of February 10, 1981, pursuant to the termination for convenience clause. Plaintiff was paid in full for all services performed as of the date of termination.
On October 30, 1981, plaintiff filed its petition in this court, alleging that the contract was improperly terminated and seeking a judgment for the full amount it would have received for performing over the life of the contract (including the optional second year of the contract). Defendant moved for summary judgment on the grounds enumerated above.
Defendant’s first argument is that we should dismiss the petition because the occ is a nonappropriated fund instrumentality which is immune from suit in this court. The issue of whether this court has jurisdiction to entertain a breach of contract claim against the Comptroller has recently been answered in the affirmative in our decision in L’Enfant Plaza Properties, Inc. v. United States, 229 Ct. Cl. 278, 668 F.2d 1211 (1982). Defendant doubtlessly realized that we are bound by this decision, and has suggested en banc review to overturn our holding in L’Enfant Plaza. By unanimous vote of the active judges, the suggestion has been denied. Because, however, of our disposition of the pending motion, as explained below, the suggestion for en *956 banc consideration is mooted in any event in the present posture of the case.
Defendant’s second argument is that plaintiff has failed to state a cause of action, as the termination for convenience clause was properly invoked and plaintiff has been fully compensated under this clause of the contract. This second issue is substantive in nature, and this court may only entertain a claim under the cda where the necessary procedural prerequisites have been complied with. Although not raised by the parties, there is no allegation (or evidence submitted) that: (1) plaintiff submitted a formal, written, certified claim to the contracting officer for a final decision; and (as a consequence) (2) the contracting officer issued a final decision on the claim.[2] It is well established that without such a formal claim and final decision by the contracting officer, there can be no appeal to this court under the cda. It is a jurisdictional requirement. Troup Bros. v. United States, ante at 707; White Plains Iron Works, Inc. v. United States, 229 Ct.Cl. 626 (1981); Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 645 F.2d 966, 967 (1981). Plaintiff must, therefore, submit a written, certified claim to the contracting officer for a decision. Until such a claim is denied, we have no jurisdiction in the matter before us.
it is therefore ordered, on the basis of the parties’ submissions, without oral argument, that since plaintiff has failed to exhaust its administrative remedies, the petition is dismissed sua sponte without prejudice. Defendant’s motion for summary judgment is denied without prejudice.

 41 U.S.C. §§ 601-613 (Supp. IV 1980).

 We realize that it was the contracting officer (in this case, occ’s Deputy Comptroller for Administration) who sent plaintiff the letter stating that the contract would be terminated, effective February 10, 1981. Nevertheless, any suit based upon the cda must derive from a final decision of the contracting officer. The letter sent to plaintiff would not suffice for this purpose since it was not in response to a written claim by plaintiff — as evidenced by the fact that the claim itself is based upon that decision to terminate the contract. Furthermore, since plaintiffs present action involves a claim for over $50,000, such a claim would have to be certified upon presentation to the contracting officer (41 U.S.C. § 605(c)(1)). Hopefully, such an administrative decision will help clarify the precise facts and reasons underlying the termination, as the record before us is less than adequate in this regard.