**Stanley FREDENBURG, d/b/a C & C Drywall & Painting**

v.

**UNITED STATES.**

**No. 724–85C.**

United States Claims Court.

July 14, 1986.

Russell D. Yerger, Billings, Mont., for plaintiff.

David B. Stinson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

YOCK, Judge.

Plaintiff, Mr. Stanley Fredenburg, initiated this direct access contract action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.* (1982). The defendant, has now moved this Court to dismiss the complaint for lack of jurisdiction based upon plaintiff's alleged failure to properly certify his claim.

For the reasons discussed herein, defendant's motion to dismiss is granted, and the complaint is to be dismissed without prejudice.

### Facts

On June 2, 1984, plaintiff, Mr. Stanley Fredenburg, d/b/a C & C Drywall & Painting, submitted a contract bid in response to defendant, United States Department of the Interior, Bureau of Reclamation, Upper Missouri Region's solicitation for "Sand Blasting and Painting Radial Gates at the Yellowtail Afterbay Dam, Yellowtail Unit, Montana."

On July 20, 1984, defendant accepted plaintiff's bid and the parties entered into a binding contract whereby work would be completed within a time period specified by defendant.

On September 10, 1984, plaintiff commenced actual work on the project (preconstruction and safety meetings were held previously), but due to unforeseen problems with leakage around the perimeter of the radial gates and with poor weather, plaintiff could not complete the job.

Plaintiff contends that inaccurate contract specifications and unreasonable demands on the part of defendant were responsible for plaintiff's inability to complete the work. Defendant asserts that plaintiff's inability to perform stems from plaintiff's poor planning and failure to read the specifications carefully enough. In any event, defendant terminated the contract according to its default provisions sometime in January 1985.

On March 1, 1985, plaintiff filed a claim with defendant's contracting officer alleging breach of contract, pursuant to the Contract Disputes Act, 41 U.S.C. § 605(a) (1982). Included was plaintiff's attempted certification that in pertinent part stated:

I hereby certify the itemized statements regarding this claim against the Bureau of Reclamation—Yellowtail Afterbay

Dam—Sandblasting and Painting Radial Gates accurately reflects the data and costs involved to the best of my knowledge and belief.

It appears that the contracting officer did not issue a decision on the matter. Thus, plaintiff treated his claim as denied pursuant to § 605(c)(5) of the Contract Disputes Act. This action followed.

### Discussion

■ Plaintiff cannot prevail in this Court at this time because he did not properly certify his claim. Absent proper claim certification submitted to the Government's contracting officer, direct access jurisdiction of this Court to hear a case pursuant to the Contract Disputes Act ("CDA") may not be invoked.

It has been repeatedly held that in order for this Court to entertain a direct access action under the CDA, the plaintiff must have: (1) submitted a written and properly certified claim to the Government contracting officer, and (2) obtained a final decision by the officer on the claim. *E.g., T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. 257, 260 (1984); *Thoen v. United States,* 5 Cl.Ct. 823, 825 (1984); *Conoc Constr. Corp. v. United States,* 3 Cl.Ct. 146, 147 (1983); *Milmark Services, Inc. v. United States,* 231 Ct.Cl. 954, 956 (1982).

As to certification, 41 U.S.C. § 605(c)(1) (1982) requires that:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

Because the assertions contained in § 605(c)(1) are crucial to the statutory scheme, ostensibly to discourage contractors from submitting unwarranted claims, *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 14, 673 F.2d 352, 354 (1982), the court in *W.H. Moseley Co. v. United States* held that, "to properly certify a claim a contractor must make a statement which simultaneously makes all of the assertions required by 41 U.S.C. § 605(c)(1)." 230 Ct.Cl. 405, 407, 677 F.2d 850, 852, *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982). *Accord Skelly and Loy v. United States,* 231 Ct.Cl. 370, 374, 685 F.2d 414, 417 (1982).

Furthermore, this Court has consistently held that compliance with § 605(c)(1) is a prerequisite for this Court to acquire direct access jurisdiction over the contract claim. *Palmer & Sicard, Inc. v. United States,* 4 Cl.Ct. 420, 422 (1984); *Metric Constr. Co. v. United States,* 1 Cl.Ct. 383, 389 (1983); *York Industries, Inc. v. United States,* 231 Ct.Cl. 897, 898 (1982); *Skelly and Loy, supra,* 231 Ct.Cl. at 373, 685 F.2d at 416; *W.H. Moseley Co., supra,* 230 Ct.Cl. at 408, 677 F.2d at 852.

■ With the above authorities in mind, it is clear that plaintiff's attempt at certification is invalid. The letter to the contracting officer upon which plaintiff relies for certification merely states that the supporting data is accurate, thus meeting only the second requirement of § 605(c)(1). Plaintiff has failed to certify both his good faith and the accuracy of his claim amount requested, the first and third requirements of § 605(c)(1). That failure leaves this Court without jurisdiction over this claim.

Plaintiff argues that substantial compliance with certification procedure should be deemed satisfactory because nothing further will be gained by token compliance with the requirements. As the defendant points out, however, this argument misses the mark. The certification requirement is jurisdictional. One simply must certify his or her good faith claim, accurate and complete data, and accurate amount requested simultaneously before this Court can acquire jurisdiction to hear the case.

Furthermore, this Court has no desire to commence a journey down the slippery slope of substantial compliance. There is no room in the statutory scheme for such a development. As the court in *Paul E. Lehman, Inc. v. United States* said, "Congress

has determined that certification is necessary for there to be a valid claim under the [Contract Disputes] Act." 230 Ct.Cl. at 16, 673 F.2d at 356. The law is well settled and, again, without a properly certified claim, this Court lacks jurisdiction over a contract claim brought pursuant to the CDA.

■ Thus, plaintiff must properly certify his claim before this Court can preside over this contract dispute. The proper course of action for a contractor whose case is dismissed for lack of jurisdiction is the following: (1) properly certify the claim; (2) resubmit the certified claim to the contracting officer; (3) if there is then an adverse decision by the contracting officer, appeal either to the board of contract appeals (41 U.S.C. § 606) or directly to this Court (41 U.S.C. § 609). *Skelly and Loy, supra,* 231 Ct.Cl. at 377, 685 F.2d at 419.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of jurisdiction is granted, and the complaint is to be dismissed without prejudice. Each party is to bear its own costs.