**ROMALA CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 772–86C.

United States Claims Court.

June 3, 1987.

Jay H. Gingrich, Greencastle, Pa., attorney of record, for plaintiff.

Lynn J. Bush, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. David M. Cohen, Director, M. Susan Burnett, Asst. Director, and Lyman T. Johnston, U.S. Postal Service, of counsel.

## OPINION

NAPIER, Judge:

Plaintiff, Romala Corporation (Romala), initiated this direct access contract action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.* (1982). The defendant has moved this Court to dismiss the complaint for lack of jurisdiction based upon plaintiff's alleged failure to properly certify its claim. Plaintiff, in response,

argues that its claim is properly certified and meets the requirements of the Contract Disputes Act. For the reasons discussed below, defendant's motion to dismiss is granted and the complaint is to be dismissed without prejudice.

### Facts

On September 1, 1984, the defendant (Government), acting through the United States Postal Service (USPS), solicited bids for the construction of a new USPS Main Post Office in Dragoon, Arizona. On or about March 29, 1985, the USPS conditionally accepted a bid for the construction and lease-back of the facility from plaintiff, Romala Corporation (Romala). A dispute between the parties subsequently arose. By letter dated April 10, 1986, legal counsel for Romala submitted a "certified" claim to the contracting officer in the amount of $800,000. This "certified" claim was signed by Mr. Armand Salese as attorney for Romala, and it was submitted on stationery from Mr. Salese's law office. The claim stated that Mr. Salese, as counsel for Romala, certified that the claim was made in good faith and that the amount claimed, to the best of his knowledge and belief, accurately reflected the amount for which the USPS was liable.

On April 21, 1986, the contracting officer issued a final decision denying Romala's claim and terminating its right to proceed with performance of the contract. Romala then filed this action on December 11, 1986, pursuant to the direct access provision of the Contract Disputes Act, 41 U.S.C. § 609(a)(1).

### Discussion

This opinion analyzes the validity of the certification of Romala's claim submitted to the Government contracting officer by the legal counsel for Romala. In its motion to dismiss, the Government asserts that this Court lacks jurisdiction over Romala's claim because the claim was never properly certified. The Government argues that although the claim contained the statutorily required language, it was not certified by the "contractor" as required by the Contract Disputes Act, but rather was certified by the contractor's attorney. Romala, in response, argues that a corporation can only act through its duly appointed officers or authorized individuals, and that its claim was properly certified because it contained an affidavit establishing Mr. Salese's authority to act on behalf of Romala in this matter.

In order to bring a direct access action to this Court under the Contract Disputes Act, the plaintiff must have:

(1) submitted a written and properly certified claim to the Government contracting officer, and

(2) obtained a final decision by the officer on the claim. *Fredenburg v. United States,* 10 Cl.Ct. 216, 218 (1986); *T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. 257, 260 (1984). As to certification the Contract Disputes Act specifically requires:

* * * For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

41 U.S.C. § 605(c)(1).

The certification requirement fulfills an important Congressional objective of the Contract Disputes Act by discouraging the submission of unwarranted contractor claims and encouraging settlement. S.Rep. No. 1118, 95th Cong., 2d Sess. 5, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5235, 5239; *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 14, 673 F.2d 352, 354 (1982). Additionally, "certification plays a serious role in the statutory scheme because it triggers a contractor's potential liability for a fraudulent claim under section 604 of the Act." *Skelly and Loy v. United States,* 231 Ct.Cl. 370, 376 n. 11, 685 F.2d 414, 418 n. 11 (1982); *T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. at 262.

This Court has consistently held that proper certification is a jurisdictional prerequisite to a direct access action by a Government contractor in this Court if the

claim submitted exceeds $50,000. *Fredenburg v. United States*, 10 Cl.Ct. at 218; *T.J.D. Services, Inc. v. United States*, 6 Cl.Ct. at 260; *Transamerica Ins. Co. v. United States*, 6 Cl.Ct. 367, 370 (1984); *W.H. Moseley Co. v. United States*, 230 Ct.Cl. 405, 407, 677 F.2d 850, 852, *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982). Due to the importance accorded certification as well as the potential liability stemming from misrepresentation or fraud, the contractor must personally certify his written claim for damages. A claim signed by an attorney without more is not sufficient. *T.J.D. Services, Inc. v. United States*, 6 Cl.Ct. at 261.

In the instant suit, both Romala and the Government cite *Transamerica Ins. Co. v. United States*, 6 Cl.Ct. 367 (1984), to support their respective positions regarding the validity of the certification signed by Mr. Salese. In *Transamerica*, an individual described as a "Bond Claim Attorney" executed the certification on behalf of the plaintiff corporation. A Defense Acquisition Regulation (32 C.F.R. § 1–314(L)(2) (1983)) required that the certification "be executed by a senior company official in charge at the contract's [sic] plant or location involved, or by an officer and general partner of the general contractor having overall responsibility for the conduct of the contract's affairs." *Id.* at 370.

The Court in *Transamerica* found that the attorney was also "the senior company official in charge of all matters relating to Transamerica Insurance Company involved with * * * [the] Contract," and that he "had the overall supervision on behalf of Transamerica Insurance Co. of all of the completion work on the * * * project." *Id.* at 370. Therefore, the attorney in *Transamerica* was also a company official with substantial involvement in the performance of the contract. Since there was not one individual specifically in the position of "contractor" in *Transamerica*, the Court held that the attorney representative of the corporation who signed the certification held a position of sufficient authority such that he was "qualified to execute the certificate in support of Transamerica's claim." *Id.* at 370.

In the present case no evidence has been presented by Romala indicating that Mr. Salese is a senior company official, nor does Romala assert that Mr. Salese was acting in any type of supervisory capacity with regard to the performance of the contract. Further, in an attachment to the bid which Romala submitted to the USPS on September 1, 1984, Romala included a section labeled "Claims and Disputes." Included within this section was a paragraph listing the requirements of certification under the Contract Disputes Act and further stating:

> If the contractor is not an individual the certification shall be executed by a senior company official in charge at the contractor's plant or location involved; or by an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

Romala was evidently aware of the requirement of personal certification of claims and its impact on their validity.

■ Again, the law is well settled that unless a claim is properly certified, this Court is without jurisdiction to address the merits of the contractor's claim. Because Romala's claim was submitted by an attorney who was neither a senior official of the contractor nor an individual having supervisory responsibility for the contractor's affairs, it fails to meet the certification requirements of 41 U.S.C. § 605(c). Therefore, this Court is without jurisdiction to consider Romala's claim for damages.

■ The fact that a Government contracting officer has rendered a final decision on a claim is of no consequence in respect to its subsequent validity. The contracting officer has no authority to waive a requirement which Congress has imposed. *T.J.D. Services, Inc. v. United States*, 6 Cl.Ct. at 263; *Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl. at 17, 673 F.2d at 356.

■ The procedure for a contractor whose case is dismissed for lack of jurisdiction is the following:

(1) Properly certify the claim;

(2) resubmit the certified claim to the contracting officer; and

(3) if there is an adverse decision by the contracting officer, appeal either to the board of contract appeals (41 U.S.C. § 606) or directly to this Court (41 U.S.C. § 609). *Fredenburg v. United States,* 10 Cl.Ct. at 219; *Skelly and Loy v. United States,* 231 Ct.Cl. at 377, 685 F.2d at 419.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss is granted and the Clerk of the Court is directed to dismiss the complaint without prejudice. No costs.