**DONALD M. DRAKE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 376–86C.

United States Claims Court.

June 30, 1987.

David R. Trachtenberg, Seattle, Wash., for plaintiff; Stafford, Frey & Mertel, of counsel.

Sharon Y. Eubanks, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant; Frank Flink, Jr., of counsel.

### OPINION

NETTESHEIM, Judge.

This case comes before the court on defendant's motion to dismiss. Argument is deemed unnecessary.

## FACTS

In September 1982, Donald M. Drake Company ("plaintiff") and the Veteran's Administration (the "VA") entered into construction contract No. V101C–1083. The contract called for plaintiff to construct a 490–bed replacement hospital in Portland, Oregon. In accordance with article 11 of the contract, plaintiff requested that Ira A. Wikstrom, Project Manager, be assigned to the subject project to act on its behalf. The VA did not raise any objections to this assignment. Mr. Wikstrom was responsible for the scheduling, coordinating, and monitoring of the overall project.

A dispute arose between the parties, and on October 6, 1983, plaintiff submitted a claim to the contracting officer in the amount of $896,006.00. Plaintiff also sought 120 additional days to complete the contract. The claim certification was signed by Mr. Wikstrom. On March 20, 1986, the contracting officer denied plaintiff's claim in its entirety. On June 13, 1986, plaintiff initiated this action pursuant to the Contract Disputes Act, 41 U.S.C. § 609(a)(1) (1982) (the "CDA"). Defendant filed a motion to dismiss for lack of jurisdiction, arguing that plaintiff's complaint was not properly certified as required by the CDA. Plaintiff, in response, contends that the claim is properly certified and meets all the requirements of the CDA. On November 6, 1986, the contracting officer assessed liquidated damages against plaintiff in the amount of $213,750.00. On December 23, 1986, plaintiff filed an amended complaint seeking $935,887.00 in addition to remission of the liquidated damages withheld by the VA.

## DISCUSSION

■ The CDA provides a contractor with the right to appeal a final decision of contracting officers directly to court. In order for this court to entertain a direct access action under the CDA, plaintiff must have: 1) submitted a written and properly certified claim to the contracting officer, and 2) obtained a final decision by the contracting officer on the claim. *Milmark Services,*

*Inc. v. United States,* 231 Ct.Cl. 954, 956 (1982).

The certification requirement fulfills an important congressional objective of the CDA by discouraging the submission of unwarranted claims and encouraging settlement. *Romala v. United States,* 12 Cl.Ct. 411, 412 (1987). The pertinent provision of the CDA provides:

> For claims of more than $50,000, the *contrator* shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the *contractor* believes the Government is liable.

41 U.S.C. § 605(c)(1) (emphasis added).

Prior to the CDA it was common practice to inflate claims against the Government, resulting in overly generous awards. To insure against such practices, Congress added the certification requirement into the CDA. The purpose of this requirement was to trigger "a contractor's potential liability for a fraudulent claim under 604 of the Act." *Skelly & Loy v. United States,* 231 Ct.Cl. 370, 376 n. 11, 685 F.2d 414, 418 n. 11 (1982). Congress wanted to hold the contractor personally liable, and it considered that the best way to do this would be to require contractors personally to certify their claims. In trying to facilitate this legislative intent, the Claims Court has strictly construed the definition of contractor. In *Romala* the court decided that it lacked jurisdiction because the claim was not properly certified in that the claim was signed by the contractor's attorney and not by the contractor. *T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. 257, 261–62 (1984), held that a claim signed "only by the plaintiff's attorney ... cannot constitute a certified claim." Although *Romala* and *T.J.D. Services* involved certification by the claimant's attorney, the rationale of those cases is helpful in resolving the case at bar.

■ Plaintiff contends that Ira Wikstrom was authorized to act on its behalf and was expressly authorized to sign the certification of claim on its behalf. Plaintiff points

to the designation of Mr. Wikstrom as Project Manager in accordance with article 11 of the contract. However, plaintiff is misguided in relying upon this designation. As defendant points out, article 11 of the contract is a standard provision contained in virtually all government construction contracts. It is placed in the contract only to insure that the contractor's superintendent is present at the work site.

Additionally, plaintiff's contention that Mr. Wikstrom had the ability to certify the claim conflicts with the Disputes Clause of the subject contract, which provides in pertinent part:

> The certification shall be executed by the contractor if an individual. When the contractor is not an individual, the certification shall be executed by a senior company official in charge at the contractor's plant or location involved, or by an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

■ At the time in question, plaintiff was a corporation owned by the FMD Corporation. Thus, only a senior company official or an officer or general partner of the plaintiff contractor would have been able properly to certify the claim. Plaintiff has failed to demonstrate that Mr. Wikstrom was any of the above.

From plaintiff's answers to interrogatories, it is apparent that Mr. Wikstrom was not a senior company official or an officer or general partner of the firm. When asked to describe all supervisory and managerial personnel who worked on the project, plaintiff stated that Mr. Wikstrom was responsible for overall project scheduling, coordinating, and monitoring. Yet when describing Peter Ebert's position as Executive Vice President of the Donald M. Drake Company, plaintiff responded that his duties included the overseeing and reviewing of all company operations. Finally, even if the court were to accept plain-

tiff's contention that Mr. Wikstrom had the authority to sign the certification, his authority was undercut by the interrogatory response dealing with each individual's involvement in the preparation of the claim. Plaintiff stated that Mr. Wikstrom was responsible for the overall coordination, drafting, and assembly of the claim. Plaintiff then went on to state that Mr. Ebert was responsible for the review, drafting, and approval of the claim. Plaintiff has failed to establish that Mr. Wikstrom was authorized to approve the claim. Although Mr. Wikstrom was the Project Manager of the VA hospital project, Mr. Ebert ultimately was responsible to act on plaintiff's behalf, as the answers to the interrogatories state. Thus, the claim was not properly certified.

■ The fact that a contracting officer has rendered a final decision on an uncertified claim is of no consequence in respect to the claim's validity. The contracting officer has no authority to waive a requirement which Congress has imposed. *United Constr. Co. v. United States*, 7 Cl.Ct. 47, 51 (1984) (order denying motion for summary judgment) (citing cases). Therefore, plaintiff must properly certify its claim to the contracting officer and obtain a decision on the certified claim before the court can hear the case.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of jurisdiction is granted, and the Clerk of the Court shall dismiss the complaint for lack of jurisdiction of the subject matter.