**ALCAN ELECTRICAL & ENGINEERING COMPANY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 90–344 C.

United States Claims Court.

Jan. 14, 1992.

Kenneth D. Jensen, Anchorage, Alaska, for plaintiff.

Jeri Kaylene Somers, with whom were Asst. Attys. Gen. Stuart M. Gerson and David M. Cohen, Washington, D.C., for defendant. Major Frederick Kennedy, Dept. of the Army, Washington, D.C., and Thomas P. Cook, Dept. of the Army, Fort Richardson, Alaska, of counsel.

## OPINION AND ORDER

TURNER, Judge.

Plaintiff brought this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1988) ("CDA"). Defendant has moved to dismiss pursuant to RUSCC 12(b)(1) for lack of jurisdiction, alleging that plaintiff failed to comply with the certification requirement of the CDA. We conclude that the motion should be denied.

### I

On September 25, 1987, the Department of the Army entered into a contract with the plaintiff ("Alcan"). The contract called for Alcan to replace certain residential electrical systems at Fort Wainwright, Alaska.

During the course of Alcan's performance, the parties had several disputes. As a result, on October 10, 1989, Alcan submitted a claim to the contracting officer seeking an equitable adjustment in the amount of $471,670.48. Alcan certified this claim by letter dated October 23, 1989, signed by Mr. Robert K. Nelson, Vice President. The certification stated:

> The following claim report is made in good faith, with accurate supporting data and to the best of our knowledge is complete. The amount requested accurately reflects the contract adjustment for which we believe the Government is liable.

The contracting officer rendered a final decision on February 23, 1990, accepting some claims and denying others. On April 20, 1990, plaintiff filed the complaint in this case. Thereafter, defendant moved to dismiss the complaint for failure to submit a properly certified claim to the contracting

officer on the grounds that plaintiff's certification does not contain the certification language required by statute.

## II

### A

As a prerequisite to litigation of a government contract claim, the CDA imposes the requirements that the claim first be submitted to the contracting officer for a decision. The CDA mandates:

> All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

41 U.S.C. § 605(a). In addition, the CDA requires that claims over $50,000 be certified. Title 41 U.S.C. § 605(c)(1) specifically provides:

> For claims of more than $50,000.00, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

A proper § 605(c)(1) certification must contain the following three elements to which the contractor attests:

1) that the claim is made in good faith;

2) that the supporting data are accurate and complete to the best of the contractor's knowledge and belief, and

3) that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable.

*Aeronetics Div. v. United States,* 12 Cl.Ct. 132, 135 (1987). The certification must simultaneously state all three assertions required by the CDA. *W.H. Moseley Co. v. United States,* 230 Ct.Cl. 405, 407, 677 F.2d 850, 852, *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982). In addition, it is well settled that certification is a jurisdictional prerequisite to proceeding with a claim under the CDA. *See United States v. Grumman Aerospace Corp.,* 927 F.2d 575, 579 (Fed.Cir.1991); *Ball, Ball & Brosamer, Inc. v. United States,* 878 F.2d 1426, 1428 (Fed.Cir.1989).

### B

Defendant concedes that Alcan's certificate satisfies the first and third elements required by § 605(c)(1). *See,* Memorandum of Law in Support of Defendant's Motion to Dismiss, pp. 5–6. The sole issue presented by defendant's motion is whether the language used in plaintiff's certification satisfies the second statutory requirement. A side by side comparison of the CDA statute with plaintiff's certification reveals the following:

| | CDA statute requirements | Plaintiff's certification |
|---|---|---|
| 1. | that the claim is made in good faith | The following claim report is made in good faith ... |
| 2. | that the supporting data are accurate and complete to the best of the contractor's knowledge and belief [emphasis added] | The following claim report is made ... with accurate supporting data and to the best of our knowledge is complete. [Emphasis added] |
| 3. | that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable. | The amount requested accurately reflects the contract adjustment for which we believe the government is liable. |

It is obvious from the above comparison that plaintiff's certification is practically identical to the statutory requirements. However, defendant is correct in recognizing that plaintiff did not copy the second element of the statute verbatim. Defendant asserts that plaintiff's paraphrasing of the second element of § 605(c)(1) is grounds for dismissal of this case. We disagree.

### III

■ The standard to determine whether a certification meets the language requirements of 41 U.S.C. § 605(c)(1) is "substantial compliance." Exact duplication of the statutory language is not required.

In *United States v. General Electric Corp.*, 727 F.2d 1567 (Fed.Cir.1984), the Federal Circuit upheld a certification that partially omitted portions of the statutory language of § 605(c)(1). The contractor had paraphrased the third element of the CDA and relied on additional supporting documents to meet the statutory certification requirements. The court summarized its decision:

> The government argues that GE's certification statement of November 13, 1979, fails to state the amount of its claim and fails to include the above-quoted words [of § 605(c)(1) ], particularly the belief in the government's liability. GE argues that the government's position is formalistic and that when the November

13, 1979 statement is read in its entirety, including referenced documents, the statutory requirements are satisfied. We agree.

> . . . .

> ... The document, with attachments, contains the information and statements required by the statute and is in *substantial compliance* therewith.

*Id.* at 1569 (emphasis added). Thus, the Federal Circuit found the certification valid because it substantially complied with the requirements of § 605(c)(1), even though the certification did not recite verbatim each operative word of the statute.

Similarly, in *Robin Indus. Inc. v. United States*, 22 Cl.Ct. 448, 455 (1991), when considering whether plaintiff's certification met the statutory language requirements, the Claims Court stated, "[t]he court may only entertain jurisdiction over claims in *substantial compliance* with CDA certification requirements." (emphasis added) (citing *Cox Constr. Co. v. United States*, 21 Cl.Ct. 98 (1990)).

In addition, both the Federal Circuit and the Claims Court have applied a "substantial compliance" standard when considering other requirements of the CDA. *See, United States v. Hamilton Enterprises, Inc.*, 711 F.2d 1038 (Fed.Cir.1983), (court determined certification valid where a new certified claim had never been presented to the contracting officer with the original claims);[1] *Cox Constr. Co. v. United*

---

1. In *United States v. Hamilton Enterprises, Inc.*, 711 F.2d 1038 (Fed.Cir.1983), the Navy awarded Hamilton a contract to provide mess attendant services for the Naval Air Station near Memphis Tennessee. Hamilton submitted several uncertified claims to the contracting officer for the Navy who issued a final decision denying the claims. Hamilton appealed to the ASBCA and filed a complaint and two supplemental complaints with the Board.

In its first supplemental complaint, Hamilton certified the previously denied claims. In its second supplemental complaint, Hamilton added a new claim which had never been considered by the contracting officer, which it also certified. In order to avoid unnecessary delay, the parties entered into a stipulation which resolved any issue of the Board's jurisdiction to entertain the new claim. The stipulation, which

was duly signed by Hamilton's attorney and an attorney for the Navy, in essence provided that the contracting officer for the Navy had informally considered the new claim, and if asked for a final decision, he would have denied the claim. *Id.* at 1042–43.

On appeal, the government argued that the new claim did not comply with the certification requirements of the CDA because a certified claim had never been formally presented to the contracting officer. The Federal Circuit noted that the government's position collided "head-on" with the facts set forth in the signed stipulation and that, although it was done through the medium of counsel for the Navy, the new certified claim had been submitted to the contracting officer, considered by him, and for all practical purposes denied. The Federal Circuit concluded, "[f]or the reasons stated, we hold that there was *substantial compliance* with the certi-

*States*, 21 Cl.Ct. 98 (1990), (court found certification signed by only one member of a joint venture in substantial compliance with the requirements of the CDA).[2]

Upon comparing plaintiff's certification with § 605(c)(1), we conclude that Alcan has substantially complied with the statutory requirements of the CDA.

## IV

The government argues that plaintiff's certification "does not employ the *precise* language required by § 605(c)(1)." Defendant's Reply Brief, p. 1 (emphasis added). Defendant first contends that plaintiff's omission of the two words "and belief" makes the certification invalid. Second, defendant interprets the certification phrase 'and to the best of our knowledge is complete' as referring to only the claim report, and not the supporting data. The standard of review for valid certification is "substantial compliance."

■ The omission of the words "and belief" from an otherwise valid certification presents a case of first impression for this court. Although defendant is literally correct that the plaintiff has omitted the words "and belief" from their certification, there is "no requirement to precisely parrot the words of the statute." *Aeronetics*, 12 Cl.Ct. at 135. It is clear that the purpose of § 605(c)(1) is "to require the claimant to declare good faith and verify accuracy based on personal knowledge, thereby, reducing the likelihood of frivolous claims." *Id.* at 136. The omission of the words "and belief" in no way undermines the purpose and rationale of the CDA. *See, Metric Constr. Co. v. United States*, 1 Cl.Ct. 383, 393 (1983).

Although the words "knowledge" and "belief" may not be totally synonymous when comparing their dictionary definitions, plaintiff's certification substantially complies with the requirements of the statute. As Judge Learned Hand observed in *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.), *aff'd*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945):

[I]t is true that the words used, even in their literal sense, are the primary, and ordinarily the most reliable, source of interpreting the meaning of any writing: be it a statute, a contract, or anything else. But *it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary;* but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.

(Emphasis added.) Plaintiff's omission of the words "and belief" does not invalidate its certification.

■ Defendant's second argument is that plaintiff failed to certify that the supporting data are complete. Defendant argues that plaintiff has certified 'to the best of their knowledge the completeness' of only the claim report and not the supporting data. Plaintiff's certification states:

The following claim report is made in good faith, with accurate supporting data and to the best of our knowledge is complete.

We read plaintiff's affirmation of accuracy to include both the claim report *and* the supporting data. Since plaintiff meets the statutory requirement of affirming the accuracy of the supporting data, defendant's second argument also fails.

fication requirements of the CDA" and that the Board had jurisdiction to consider and decide the merits of the new claim in accordance with the provisions of the CDA. *Id.* at 1043. (Emphasis added.)

2. In *Cox*, 21 Cl.Ct. at 98, a construction contract was entered into between the U.S. Air Force and a joint venture between Cox Construction Co. ("Cox") and Haehn Management Co. ("Haehn"). A claim was filed by the contractor requesting an equitable adjustment. The claim certification was signed by the president of Cox. The government moved to dismiss the case on grounds that the certification was invalid because it was not additionally signed by a representative of Haehn.

The Claims Court stated that *"[s]ubstantial compliance* with certification requirements by the contractor may prevent claim dismissal." *Id.* at 102. The court then concluded that since there was an agreement between Cox and Haehn to allow Mr. Cox to bind the joint venture, the contractor had *"substantially complied* with the certification requirements of the statute." *Id.* at 101–03.

Defendant cites cases where courts have found certifications defective. *Robin*, 22 Cl.Ct. at 448;[3] *Aeronetics*, 12 Cl.Ct. at 132;[4] *Fredenburg v. United States*, 10 Cl. Ct. 216 (1986).[5] However, in each of these cases one or more of the three statutory requirements was either substantially or entirely omitted from the certifications.

Alcan has neither substantially nor entirely omitted any of the three statutory elements from their certification. In addition, although the authorities relied on by the defendant ultimately held certifications invalid, in reaching their conclusions the courts applied a certification standard of substantial compliance and not one of exact duplication. In none of the cases relied on by defendant did a court determine a certification invalid simply because a statutory word was omitted. Rather, when the courts determined that certification language varied from the statutory language, they then went on to conduct a side-by-side comparison to determine whether the particular certification substantially complied with the statutory requirements.

V

The second element of § 605(c)(1) is met if the certification includes a combination of good faith and an unqualified assertion that the data is complete. Such a certification inherently includes the expression of belief in accuracy and completeness as to the unqualified expression of certainty. In making this motion to dismiss, defendant argues a technical nonconformity with the CDA statutory language, while *ignoring* the underlying purpose of the certification requirements.

The certification requirement furthers an important objective of Congress by "trigger[ing] a contractor's potential liability for a fraudulent claim under sec-

tion 604 of the Act," *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 685 F.2d 414, 418 n. 11 (1982), and thus " 'discourag[ing] the submission of unwarranted contractor claims.' " *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352, 354, 230 Ct.Cl. 11 (1982) (quoting S.Rep. No. 1118, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5239). "Congress wanted to hold the contractor personally liable, and it considered the best way to do this would be to require contractors personally to certify their claims." *Donald M. Drake Co. v. United States*, 12 Cl.Ct. 518, 519 (1987).

*Ball, Ball & Brosamer, Inc.*, 878 F.2d at 1429.

Clearly, a contractor certifying the accuracy and completeness of underlying data using Alcan's language is exposed to no less liability for a false statement than he would be if he had used the statutory language verbatim. Such liability would include the risk of imposition of civil sanctions for which provision is made in 41 U.S.C. § 604; the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Forfeiture Statute, 28 U.S.C. § 2514; as well as the additional risk of criminal prosecution under 18 U.S.C. § 1001.

We find that the language used in plaintiff's certification substantially complies with the requirements of the CDA.

VI

Based on the foregoing, defendant's motion filed October 11, 1991 to dismiss for lack of jurisdiction is DENIED.

---

**3.** In *Robin*, plaintiffs certification stated that "this estimate is made in good faith and accurate to the best of our knowledge." *Robin*, 22 Cl.Ct. at 455.

**4.** In *Aeronetics*, plaintiff's certification stated: "To the best of my knowledge and belief, the attached claim is free from fraud or misrepresentation and fairly reflects the amount the government owes Aeronetics pursuant to the Contract Dispute Act of 1978, 41 U.S.C. § 601 *et seq.*" *Aeronetics*, 12 Cl.Ct. at 134.

**5.** In *Fredenburg*, plaintiff's certification stated: "I hereby certify the itemized statements regarding this claim against the Bureau of Reclamation–Yellowtail Afterbay Dam–Sandblasting and Painting Radial Gates accurately reflects the data and costs involved to the best of my knowledge and belief." *Fredenburg*, 10 Cl.Ct. at 217–18.