Megan Han LEE, by her Mother and Next Friend, Deborah Lynn LEE and Deborah Lynn Lee, Plaintiffs–Appellants,

v.

The UNITED STATES of America, Defendant–Appellee.

No. 97–5015.

United States Court of Appeals, Federal Circuit.

Dec. 4, 1997.

Peter Avers Wimbrow, III, Attorney, Ocean City, MD, for plaintiff-appellant. Of counsel was Robert A. Mazzoni, Attorney, Scranton, PA.

Harold D. Lester, Jr., Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant-appellee. Of counsel were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director. Also of counsel were Leo E. Boucher, Major, and Dru Brenner–Beck, Major, Legal Services Division, Tort Branch, Department of the United States Army, Arlington, VA.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

## ORDER

PER CURIAM.

A petition for rehearing having been filed by the APPELLEE,

UPON CONSIDERATION THEREOF, it is

ORDERED that rehearing be granted for the limited purpose of issuing a supplemental opinion on rehearing. The supplemental opinion accompanies this order. The petition for rehearing is otherwise denied.

## ON PETITION FOR REHEARING

The government petitions for rehearing, arguing that the Court of Federal Claims did not have jurisdiction in this matter. The government contends that any judgment that the Lees might obtain could not be paid from appropriated funds, and that the Court of Federal Claims therefore lacked jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a).

■ The Military Child Care Act of 1989, Pub.L. No. 101–189, §§ 1501–10, 103 Stat. 1352, 1589–95, which took effect in fiscal year 1990, made appropriated funds available to support the Army's Family Child Care (FCC) program. For that reason, the United States could thereafter be sued under the Tucker Act in the Court of Federal Claims for breaches of express and implied contracts entered into by the Army's Nonappropriated Fund Risk Management Program (RIMP). The government concedes that because of the Military Child Care Act and subsequent legislation, the United States can be sued for breaches of RIMP contracts entered into during or after fiscal year 1990. The government contends, however, that the United States cannot be sued for breaches of contracts formed in any prior fiscal year, such as the contract with Ms. Garner, the child-care provider in this case.

The "non-appropriated fund instrumentality" exception to Tucker Act jurisdiction is a narrow one. As our predecessor court explained, "[j]urisdiction under the Tucker Act must be exercised absent a firm indication from Congress that it intended to absolve the appropriated funds of the United States from liability" for acts of the alleged non-appropriated fund instrumentality. *L'Enfant Plaza Properties, Inc. v. United States,* 229 Ct.Cl. 278, 668 F.2d 1211, 1212 (1982). Moreover, "[t]he classification of funds as 'appropriated' has been read broadly, and exclusions narrowly. The non-appropriated funds doctrine applies only if the activity was 'specifically intended to operate without using appropriated funds.'" *United States v. General Elec. Corp.,* 727 F.2d 1567, 1570 (Fed.Cir.1984), *quoting Hughes Aircraft Co. v. United States,* 209 Ct.Cl. 446, 534 F.2d 889, 907 (1976).

The Military Child Care Act does not reflect congressional intention to absolve the United States from liability for contracts entered into by the RIMP before fiscal year 1989. Instead, it reflects a general intention to make appropriated funds available to support the military child-care program, the needs of which include paying claims that arise from the program's offer of liability insurance to child-care providers. The legal effect of the Military Child Care Act was thus to waive sovereign immunity for actions based on contracts with the RIMP, regard-

less of whether the contracts were entered into before or after fiscal year 1990.

The government contends that our initial opinion incorrectly referred to section 612(c) of the Contract Disputes Act, 41 U.S.C. § 612(c), in the course of our analysis of the jurisdictional question in this case. After further consideration, we agree with the government that section 612(c) is inapplicable to this case because the contract between the RIMP and Ms. Garner was not subject to the Contract Disputes Act at the time the contract was formed. *See* 41 U.S.C. § 602(a). That conclusion, however, does not affect our decision with respect to the jurisdictional issue. Although the government contends that funds appropriated under the Military Child Care Act cannot be used to pay judgments stemming from contracts entered into in prior years, the judgment fund is available to pay judgments of the Court of Federal Claims against the United States when payment is not otherwise provided for.

*See* 31 U.S.C. § 1304; 28 U.S.C. § 2517(a). While the judgment fund cannot be used to satisfy the obligations of non-appropriated fund instrumentalities, the RIMP was supported by appropriated funds at the time the complaint in this case was filed. The government has not pointed us to any authority holding that the judgment fund could not be used to pay a judgment arising from a contract that the RIMP entered into before appropriated funds became available to support it. We therefore conclude once again that the Court of Federal Claims correctly held that it had jurisdiction to entertain the Lees' complaint.