This is an action for declaratory and other relief by 460 present and former employees of three different nonap-propriated fund (NAF) activities at Camp Lejeune, a United States Marine base in North Carolina. Plaintiffs seek relief from the adoption of wage schedules that allegedly violate statute and regulation. Defendant moves to dismiss for failure to state a claim within this court’s jurisdiction.
In order to establish jurisdiction in this court for claims arising out of employment with NAF activities, plaintiffs must allege claims based on express or implied contracts with NAF activities named in 28 U.S.C. § 1491 (1976), as amended by the Contract Disputes Act of 1978, Pub. L. No. 95-563, § 14(i), 92 Stat. 2391. United States v. Hopkins, 427 U.S. 123 (1976); Villani v. United States, 211 Ct. Cl. 329 *960 (1976). Two of the NAF activities named in the petition, The Consolidated Club Management System and Special Services, are not found in section 1491. As to the Marine Corps Exchange, plaintiffs admit that they assert no claim based on authorized contract. Brief for Plaintiffs at 8. Therefore they have not stated a claim within this court’s jurisdiction. Spooner v. United States, 211 Ct. Cl. 312 (1976). Plaintiffs would have us find jurisdiction on the basis of a violation of 5 U.S.C. § 5341 (1976) and regulations effectuating the statutes. But this ignores the fact that insofar as NAF activities are concerned, we have jurisdiction only on claims based on express or implied contracts. See Interdent Corp. v. United States, 203 Ct. Cl. 296, 300, 488 F. 2d 1011, 1013-14 (1973). Further, 5 U.S.C. § 5341, relied upon by plaintiffs, does not "expressly command the payment of money” or provide in any way for entitlement to money damages. Thus, it cannot form the basis for jurisdiction under the Tucker Act. United States v. Testan, 424 U.S. 392 (1976). Finally, we note that declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1976), is not available as a remedy in the Court of Claims. United States v. King, 395 U.S. 1 (1969).
therefore, it is ordered, upon consideration of the motion papers and the authorities cited herein, without oral argument, that defendant’s motion should be and it is granted. The petition is dismissed.