Ute **DARDEN**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 69–89C.

United States Claims Court.

Nov. 30, 1989.

Jerry D. Sanders, Columbus, Ga., atty. of record for plaintiff.

Hillary A. Stern, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

This is a civilian pay case in which Ms. Ute Darden (plaintiff) claimed wrongful and bad faith termination by her former employer, the Army and Air Force Exchange Service (AAFES or defendant).[1] Plaintiff's complaint, filed on February 8, 1989, asserted jurisdiction in this court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (West Supp.1989), and requested relief in the form of reinstatement, back pay, credit for all benefits incident to employment, damages for mental and emotional distress, compensatory damages, attorney fees, and costs. Instead of an answer, on April 10, 1989, the defendant filed a RUSCC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, wherein it was alleged that said claims are not based on an express or implied contract as required under the Tucker Act. Following full briefing of the issue raised by the motion to dismiss, an evidentiary hearing was held on November 27, 1989, which embellished the nature of plaintiff's total employment relationship with the AAFES. For the reasons stated hereinafter, the defendant's RUSCC 12(b)(1) motion to dismiss is hereby granted.

*Facts*

■ At the outset, we observe that we are required to accept as true any undisputed allegations of fact advanced by a non-movant, plaintiff here, when a RUSCC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is under consideration. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 747 (Fed. Cir.1988); *Raymark Industries, Inc. v. United States*, 15 Cl.Ct. 334, 335 (1988). If, however, a RUSCC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction challenges the truth of jurisdictional facts alleged in the complaint, we may, of course, consider relevant evidence in order to resolve the factual dispute. *Reynolds*, 846 F.2d at 747. In fact, where *disputed* facts relate to a dispositive ruling on a RUSCC 12(b)(1) motion to dismiss, we are required to decide those facts necessary to reach a determination on the jurisdictional issue. *Raymark Industries*, 15 Cl.Ct. at 335; *LaMear v. United States*, 9 Cl.Ct. 562, 568 n. 6, *aff'd*, 809 F.2d 789 (Fed.Cir. 1986). As the relevant facts in this case are both disputed and dispositive on the issue of jurisdiction, we are therefore compelled to find those facts appropriately supported by the evidence. Such operative facts can be properly ascertained only after the party asserting jurisdiction has been given the opportunity to be heard. *Reynolds*, 846 F.2d at 746 (citations omitted). Accordingly, subsequent to the evidentiary hearing on November 27, 1989, we find the following to be a true statement of the facts relevant to the resolution of defendant's jurisdictional motion to dismiss.

Plaintiff was first employed by the AAFES as a Grade 1 sales clerk at the main exchange at Fort Knox, Kentucky. This employment commenced on June 19, 1975, and was formally effected by appointment. Def.Ex. 1, Def.Ex. 2. In June or July of 1976, plaintiff voluntarily resigned from her position, whereupon she became eligible for reinstatement.[2] She was in

---

1. The AAFES is a non-appropriated fund instrumentality (NAFI) of the United States, which does not receive its funding by congressional appropriation. *See* 10 U.S.C. §§ 4779(c), 9779(c) (West Supp.1989). The AAFES is under the control of the Secretaries of the Departments of the Army and the Air Force and, like other military post exchanges, is intended "to provide convenient and reliable sources where soldiers can obtain their ordinary needs at the lowest possible prices." *Standard Oil v. Johnson*, 316 U.S. 481, 484–85, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611, 1615 (1942).

2. A regular full-time employee who has completed the six-month probationary period, such as plaintiff here, will be considered *reinstated* if, after separation from the AAFES, he or she is reemployed within six months from the effective date of separation. A reinstated employee

fact reinstated by the AAFES in September 1976, as a Grade 1 sales clerk in Nuremberg, Germany. Plaintiff remained at the Nuremberg Area Exchange for nearly four years, during which time she was promoted first to cashier checker, then to cashier, and finally to administrative services clerk. In May 1980, plaintiff again voluntarily resigned from the AAFES and, as before, was placed in a status eligible for reinstatement. Following thereon, Ms. Darden was again reinstated in July of 1980 as an operations clerk in the West Georgia Area Exchange, located at Fort Benning, Georgia. Pl.Ex. 1.

Plaintiff remained in this position for only two weeks, after which she was promoted to the position of a Grade 5 personnel clerk in August 1980. At the hearing, plaintiff introduced a copy of her job description, which indicated that an AAFES personnel clerk is primarily an administrative support position. Pl.Ex. 2. Her duties were described as including a variety of clerical activities related to the personnel program within an area or installation exchange. Sometime after August 1980, but before May 1986, plaintiff was promoted to the position of a Grade 6 personnel clerk, also at Fort Benning, Georgia. Plaintiff testified that she received a similar job description, which was not introduced into the record. However, the form and content of that document was allegedly the same as Pl.Ex. 2,[3] which had already been received in evidence.

Plaintiff's responsibilities as a Grade 6 personnel clerk also included the referral of employment applicants for interviews with other AAFES personnel. The performance of this duty led to plaintiff's eventual dismissal. This occurred when a co-worker accused plaintiff of abusing the discretion inherent in her position by alleging that plaintiff improperly assisted her son in his attempt to gain employment with the AAFES. The AAFES conducted an investigation, after which it concluded that at least some of the accusations were well-founded. Consequently, plaintiff received an Advance Notice of Separation on April 25, 1986.

Plaintiff, on May 9, 1986, denied these accusations. She claimed that any work relating to her son's employment application was performed at the direction of her superiors with their express knowledge and consent. The AAFES nevertheless issued a Final Decision of Separation for Cause on May 21, 1986, and that decision became effective on May 27, 1986. Plaintiff appealed the decision on June 10, 1986, after which an evidentiary hearing was held on September 18, 1986. The hearing officer found that the AAFES separation action was supported by a preponderance of the evidence and recommended that the appeal be denied. This recommendation was approved, and plaintiff's *separation for cause* was affirmed on February 5, 1987.

On May 6, 1987, plaintiff filed a claim in the United States District Court for the Middle District of Georgia, seeking relief almost identical to that sought here. That court ruled, on December 6, 1988, that it was without jurisdiction to entertain the suit. Plaintiff appealed the decision to the United States Court of Appeals for the Eleventh Circuit on February 6, 1989. Subsequently, asserting jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (West Supp.1989), plaintiff filed her complaint in this court on February 8, 1989. Pursuant to its April 10, 1989 motion, the defendant

---

retains and accrues employment benefits as if he or she had been in a leave without pay status at the previous grade and step during a break in service. AR 60–21/AFR 147–15, paragraph 2–4 (December 15, 1980). This policy is to be distinguished from a rehire, which occurs when a former employee is reemployed but does not satisfy the above stated reinstatement criteria. Such employees are generally considered the same as newly appointed employees in nearly all respects. AR 60–21/AFR 147–15, paragraph 2–5 (December 15, 1980).

**3.** Plaintiff said she signed the original of Pl.Ex. 2, as did an official of the AAFES. However, Pl.Ex. 2 is only an unsigned copy of the original. Ms. Darden testified that since she agreed to perform the duties thereon, and both she and an official of the AAFES signed it, as well as a similar one for her Grade 6 position, said documents are the bases for her contention herein that her employment was by contract and not by appointment.

then sought a dismissal, premised on RUSCC 12(b)(1), on the ground that plaintiff's employment status with the AAFES was not founded upon an express or implied contract as required under the Tucker Act. Plaintiff's appeal to the United States Court of Appeals for the Eleventh Circuit was thereafter denied, and the District Court decision was affirmed on July 31, 1989. *Darden v. Army & Air Force Exchange,* 884 F.2d 585 (11th Cir.1989).

## Contentions of the Parties

### A. Defendant

The defendant contends that there is neither an express nor an implied contract upon which plaintiff may base her claim as required under the Tucker Act.[4] According to the defendant, plaintiff obtained employment with the AAFES by appointment only and not by contract. At the hearing, defendant introduced two documents to support its position that plaintiff's employment was by appointment. Def.Ex. 2 is an AAFES personnel action form prepared at the time plaintiff was originally employed as a sales clerk on June 19, 1975. This document contains "action codes," which refer to various forms of employment action. Def.Ex. 2 contains an action code styled "01," while Def.Ex. 1, a copy of action code explanations normally located on the back side of every AAFES personnel action form, identifies action code "01" as the code number for *employment by appointment.* The defendant asserts that these two documents are conclusive as to the nature of plaintiff's employment status, which, being by appointment, allegedly deprives this court of Tucker Act jurisdiction.[5]

### B. Plaintiff

Plaintiff, apparently conceding that Tucker Act jurisdiction exists only if her employment was by contract, asserts that she was indeed so employed with the AAFES. In response to the defendant's introduction of evidence demonstrating that she was initially employed by appointment, plaintiff contends that any such documents were superseded by her subsequent reemployment by reinstatement in different positions in the AAFES system. Specifically, she argues that her reinstatement as a Grade 5 personnel clerk in August of 1980 and her subsequent promotion to a Grade 6 personnel clerk, which latter position she held at the time of her termination, were by contract. Plaintiff introduced into evidence a copy of a Grade 5 personnel clerk job description, Pl.Ex. 2, which she contends constitutes the alleged contract. Her assertion that it was a contract is based on the description of the duties therein, the pay terms, and the fact that both she and her supervisors signed the document. *See* note 3, *supra.*

## Discussion

■■■ For plaintiff's claim to be cognizable in this court under the Tucker Act, 28 U.S.C. § 1491 (West Supp.1989), it must be based on a contract or on a constitutional, statutory, or regulatory provision that can fairly be interpreted as requiring compensation by the federal government for the damage sustained. *See, e.g., United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114, 122 (1976) (cita-

---

4. The Tucker Act, 28 U.S.C. § 1491(a)(1) (West Supp.1989), states in part:

   *The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded* either upon the Constitution, or any Act of Congress or any regulation of an executive department, or *upon any express or implied contract with the United States....* For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service ... shall be considered an express or implied contract with the United States.
   (emphasis added).

5. The defendant, in addition to the above-stated grounds, also cited 28 U.S.C. § 1500 (West Supp. 1989) as a basis for dismissal due to lack of subject matter jurisdiction. That section allegedly prevents this court from exercising jurisdiction over a claim when that same claim is pending in another court. As plaintiff's claim was pending before the United States Court of Appeals for the Eleventh Circuit at the time she filed her complaint here, the defendant argued that the Claims Court was therefore without jurisdiction. This question is now moot, as the appeal was denied, and the decision of the United States District Court for the Middle District of Georgia was affirmed on July 31, 1989.

tions omitted). The Tucker Act clearly grants jurisdiction over suits upon any express or implied contract with the AAFES, § 1491(a)(1), and it is applicable to both contracts for employment and those for goods or other services. *United States v. Hopkins*, 427 U.S. 123, 126, 96 S.Ct. 2508, 2510, 49 L.Ed.2d 361, 365 (1976) (per curiam). However, the Tucker Act does not confer jurisdiction in the Claims Court over wrongful discharge claims commenced by an employee who gained his/her position with the AAFES through appointment. *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 735, 741, 102 S.Ct. 2118, 2122, 2126, 72 L.Ed.2d 520, 526–27, 530–31 (1982). Therefore, the sole issue for decision here on defendant's RUSCC 12(b)(1) motion is whether plaintiff was employed with the AAFES by virtue of an appointment or by a contract.

▪ It is well established that federal employees [6] do not have contractual relationships with the government, barring an explicit agreement to the contrary executed by a federal officer who has authority to contract. *House v. United States*, 14 Cl.Ct. 32, 36 (1987), *citing Kizas v. Webster*, 707 F.2d 524, 538 (D.C.Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984) (it is a "verity" that federal personnel are generally not employed pursuant to contract); *Kania v. United States*, 227 Ct.Cl. 458, 464–65, 650 F.2d 264, 268 (1981) (the rights of civilian and military public employees generally do not turn on contract doctrines in suits against the government). Thus, plaintiff here must overcome the presumption, as well as the evidence submitted by the defendant, that she held her position with the AAFES by appointment. *House*, 14 Cl.Ct. at 36, *citing Chu v. United States*, 773 F.2d 1226, 1229 (Fed.Cir.1985) (absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government). This presumption is in accordance with the principle

which requires plaintiff to bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 748 (Fed.Cir.1988) (citations omitted).

▪ We hold that plaintiff has not proven that she served pursuant to either an express or implied employment contract with the AAFES. The document submitted by plaintiff as evidence of her alleged employment agreement, her job description as a Grade 5 personnel clerk (Pl.Ex. 2), clearly does not create either an express or an implied contract. The most that can be said of this document is that plaintiff was apprised of her forthcoming responsibilities and the salary to which she was entitled for the performance of those duties. It may very well have created certain procedural rights, but under no circumstance may it be viewed as giving rise to a contractual relationship sufficient to create jurisdiction under the Tucker Act. Moreover, the promotions and reinstatements which plaintiff received over the years did not change her original status as an appointee. We view her reinstatements in 1976 and 1980, *supra*, as tantamount to reemployment *nunc pro tunc*. By obtaining the reinstatements, plaintiff retained and accrued employment benefits from the AAFES as if she had been in a leave-without-pay status. *See* note 2, *supra*. The reinstatements did not, as plaintiff contends, create any new type of employment relationship with the AAFES outside a redefinition of the employment responsibilities and remuneration inherent in any job change. As such, there is no proof nor any basis for this court to conclude that there was any change in the nature of the plaintiff's original status as an appointed employee, as evinced by the defendant's original personnel action and employment code submissions. *See* Def.Exs. 1, 2. There being no contract, statute, or regulation upon which to base jurisdiction for her claim, plaintiff's suit must be dismissed.

6. Non-appropriated fund instrumentalities such as the AAFES are arms of the federal government, *Standard Oil v. Johnson*, 316 U.S. 481,

485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611, 1616 (1942), and, as such, plaintiff here must be viewed as a federal employee.

*Conclusion*

Plaintiff was employed as a personnel clerk with the AAFES by virtue of an appointment, which precludes jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (West Supp.1989). Consequently, the defendant's RUSCC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED. No costs. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.